UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD W. WRIGHT,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                Defendants. | CASE NO. 3:19-cv-5279 RBL-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TRO AND PRELIMINARY INJUNCTION<br><br>Noting Date: May 24, 2019 |

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 3 and 4, the District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 4. This matter is before the Court on plaintiff's "Order To Show Cause [and] Preliminary Injunction with Temporary Restraining Order." Dkt. 11, at 1. Because plaintiff fails to make a clear showing of any of the factors for the issuance of a temporary restraining order ("TRO") or preliminary injunction, this Court recommends that his motion for a TRO and preliminary injunction be denied.

**BACKGROUND**

In March 2019, plaintiff, then housed in the Monroe Correctional Complex ("MCC"), filed his complaint in Washington State court. Dkt. 1-2, at 1. Plaintiff brought claims against the Department of Corrections ("DOC") and various employees and officials, asserting that when he was housed at Clallum Bay Corrections Center ("CBCC") and Stafford Creek Corrections Center ("SCCC"), they denied plaintiff access to the courts, sabotaged his typewriter, misplaced his legal work, and retaliated against him for exercising his right to the grievance and tort process. Dkt. 1-2, at 1, 4.

In particular, plaintiff alleges that he was transferred from CBCC to SCCC without his property, that his legal documents were not timely mailed to him, and that his typewriter was not sent with plaintiff, ultimately forcing him to abandon one of his pending cases. *See* Dkt. 1-2, at 4–6. Plaintiff also alleges that a defendant who worked at CBCC retaliated against him for filing a grievance by further delaying sending his legal paperwork and typewriter and then sabotaging the typewriter before sending it to plaintiff. *See* Dkt. 1-2, at 4–5. Plaintiff names a number of DOC officials and alleges "actions, practices & policies are designed intentionally to chill, deter, & harass plaintiff for participating in the process of 'court access' related activities." Dkt. 1-2, at 5. Plaintiff claims that these actions violated his constitutional rights under the First and "6[th]–14[th]" Amendments and the Washington State constitution, in addition to constituting the tort of outrage. *See* Dkt. 1-2, at 6–7.

Defendant DOC removed the matter to federal court on April 12, 2019, and defendants filed their answer on April 15, 2019. *See* Dkts. 2, 7. On May 6, 2019, plaintiff filed the pending motion for a TRO and preliminary injunction. *See* Dkt. 11, at 1. Plaintiff claims that he has been moved from prison to prison on an ongoing basis since he filed the complaint in order to

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR TRO AND
PRELIMINARY INJUNCTION - 2

1  separate him from his legal work and to chill his access to the courts and requests that defendants
2  be restrained from transferring him or his legal work out of Coyote Ridge Corrections Center
3  ("CRCC"). Dkt. 11, at 1–2. He states that he has now "had a[n] un-scheduled 'PMRT' which
4  authorized WDOC to move me [plaintiff] once again to another facility, a facility (AHCC) where
5  I was poisoned and assaulted." Dkt. 11, at 2. In support, plaintiff relies upon his declaration
6  from 2018, when he was at MCC, in which he states that he has been moved between three
7  facilities (apparently CBCC, MCC, and SCCC) and that his legal work and typewriter were lost,
8  misplaced, or otherwise withheld. *See* Dkt. 11, at 6.

## DISCUSSION

### I. Legal Principles

The Court applies substantially identical standards when determining whether to issue a TRO or a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). This relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winters v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (Injunctions are to be used sparingly, and only in a clear and plain case.).

The party seeking such relief must establish more than a mere possibility of harm—"it must be likely that there will be" harm. *Am. Trucking Assocs., Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). The party must show (1) "'that he is likely to succeed on the merits,'" (2) "'that he is likely to suffer irreparable harm in the absence of preliminary relief,'" (3) "'that the balance of equities tips in his favor,'" and (4) "'that an injunction is in the public interest.'" *Id.* (quoting *Winters*, 555 U.S. at 20).

1    Alternatively, a TRO or preliminary injunction is appropriate if "'serious questions going
2 to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor,'"
3 which allows the status quo to be preserved when complex legal questions require further
4 inspection or deliberation. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th
5 Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).
6 Nonetheless, plaintiff must still show that irreparable injury is likely and that the injunction is in
7 the public interest. *Id.*

8    **II. Analysis**

9    The undersigned finds that plaintiff has not shown at this early stage that he is likely to
10 succeed on the merits of his claims. Although not deciding the merits of the case, the Court
11 notes that most of plaintiff's claims rely solely on conclusory allegations that a policy, custom,
12 or practice exists that led to his alleged constitutional deprivations. Moreover, plaintiff fails to
13 show that he is likely to suffer irreparable harm in the absence of preliminary relief, as plaintiff
14 claims only that there is authorization to transfer him to AHCC, which is not the institution
15 where he claims that defendants sabotaged his typewriter and withheld his legal work (CBCC).
16 *See* Dkt. 1-2, at 2–3. Plaintiff's vague allegations amount to no more than speculation at this
17 point, which is insufficient to establish a likelihood of irreparable harm. Nor has plaintiff shown
18 serious questions going to the merits of any of his claims.

19    Further, the balance of equities does not tip in plaintiff's favor, in light of the deference
20 that federal courts must afford to the government in the administration of state prisons and the
21 speculative nature of plaintiff's arguments. It is well-established that "'the government has
22 traditionally been granted the widest latitude in the dispatch of its own internal affairs'"—a
23 holding that applies particularly strongly in cases involving the administration of state prisons.
24

1 *See Rizzo*, 423 U.S. at 378–79 (quoting *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 896 (1961) (internal quotation omitted)); *Turner v. Safley*, 482 U.S. 78, 85 (1987). "Running a prison is an inordinately difficult undertaking . . . peculiarly within the province of the legislative and executive branches of government. . . . [S]eparation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to appropriate prison authorities." *Turner*, 482 U.S. at 84–85. Plaintiff's speculative claim fails to establish that the equities tip in his favor or that a TRO or preliminary injunction would be in the public interest.

## CONCLUSION

For the reasons discussed above, the undersigned recommends that plaintiff's motion for a TRO and preliminary injunction (Dkt. 11) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 24, 2019**, as noted in the caption.

Dated this 9th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge