UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD W. WRIGHT,<br><br>              Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>              Defendants. | CASE NO. 3:19-cv-5279 RBL-JRC<br><br>ORDER DENYING MOTIONS TO REMAND AND TO WITHDRAW COMPLAINT |

Plaintiff, who is incarcerated and proceeds *pro se*, brought this matter in state court, alleging violations of 42 U.S.C. § 1983 and the Washington State Constitution. *See* Dkt. 1-2. Defendant removed the case to federal court, and the District Court has referred the case to the undersigned. *See* Dkt. 4. Before the Court are plaintiff's Motion To Remand (Dkt. 9) and Motion To Withdraw Complaint from United [States] District Court Without Prejudice (Dkt. 10). Because this Court has original or supplemental jurisdiction over all of plaintiff's claims, his case was properly removed and his motions are denied.

## BACKGROUND

Plaintiff alleges that defendants—the Department of Corrections ("DOC") and various DOC employees—targeted him on the basis of litigation that he had filed and took actions including transferring him without his property, withholding his legal documents, and sabotaging his typewriter. *See* Dkt. 1-2, at 4–6. He alleges that these actions were federal constitutional violations under 42 U.S.C. § 1983, constituted the tort of outrage, and violated the state constitution. *See* Dkt. 1-2. Defendants removed this matter to federal court on the basis of plaintiff's claims under § 1983. *See* Dkt. 1, at 2.

Plaintiff then sent a letter to this Court, which the Clerk docketed as a motion to remand. *See* Dkt. 9. Plaintiff objected to the removal and provided this Court with his state court notice of appeal regarding the removal. *See* Dkt. 9, at 1. He requested a stay of this matter until the state court of appeals ruled on his appeal. *See* Dkt. 9, at 2. Plaintiff also filed a "Motion To Withdraw Complaint," which appears to be a request to remand the case to state court. *See* Dkt. 10, at 2. Defendant has responded to the motion to "withdraw" the complaint, and these matters are ripe for decision. *See* Dkt. 15.

## DISCUSSION

Plaintiff objects to removal to this Court for a litany of reasons, including that removal was improper, that he did not receive adequate notice, and that defendants waived their ability to remove by litigating in state court. *See* Dkt. 9. He also requests a stay of this matter while he appeals the removal in state court. *See* Dkt. 9, at 11.

Notwithstanding plaintiff's objections, this Court has jurisdiction over plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331, which provides for original jurisdiction

over all civil actions arising under the laws and Constitution of the United States. Moreover, this Court has supplemental jurisdiction over plaintiff's state law claims, which are based on the same underlying events and form part of the same case or controversy under 28 U.S.C. § 1367. Removal was also timely accomplished, as defendants filed the notice of removal within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(a); Dkt. 3, at 1–2.

Plaintiff appears to assert that removal was defective because he did not receive any notice of removal. *See* Dkt. 9, at 1. To the contrary, defendants have shown that they provided written notice of the removal as required by 28 U.S.C. § 1446, thereby satisfying the requirement of giving notice to plaintiff. *See* Dkt. 1, at 3.

Plaintiff's argument that defendants consented to superior court jurisdiction is not well-founded, either, as the portion of defendants' answer relied upon by plaintiff clearly references federal, not state, court jurisdiction. *See* Dkt. 7, at 2. Plaintiff additionally argues that defendants consented by appearing in state court, in particular when they filed a motion in state court objecting to plaintiff's motion for waiver of service. *See* Dkt. 3-2, at 132. However, at that stage, defendants' opposition to plaintiff's motion for waiver of service was neither clear and unequivocal action waiving the right to remove nor the type of litigation on the merits that could functionally waive the right to remove. *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Indeed, defendants' appearance in state court specifically preserved any objection to jurisdiction. *See* Dkt. 3-2, at 21. Thus, the Court declines to find that defendants waived their ability to remove the case.

As for plaintiff's request for a stay of this matter pending his state court appeal of the removal (*see* Dkt. 9, at 11), jurisdiction over this case belongs in federal court now that the case has properly been removed. *See* 28 U.S.C. § 1446 ("[T]he State court shall proceed no further

ORDER DENYING MOTIONS TO REMAND AND TO
WITHDRAW COMPLAINT - 3

unless and until the case is remanded."); *see also Resolution Trust Corp.*, 43 F.3d at 1238 (noting that the state court loses jurisdiction upon filing of the petition for removal).  Because jurisdiction now lies in this Court, a challenge to removal is appropriate by way of a motion to remand in this Court, not an appeal of the removal in state court.  *See* 28 U.S.C. § 1447(c).  Denial of such a motion by the undersigned is, of course, subject to review by the District Court and the Ninth Circuit.  *See* 28 U.S.C. § 636(b)(1)(A); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001).  This Court therefore declines to stay this matter in light of plaintiff's claim that he is appealing the removal in state court, as state court is not the appropriate forum for such a request.

For these reasons, plaintiff's motion to remand (Dkt. 9), including his request to stay the matter, and motion to withdraw his complaint (Dkt. 10) are **DENIED**.

Dated this 4th day of June, 2019.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge